79C01-2007-CT-000152  Filed: 7/29/2020 2
Tippecanoe Circuit Court  Tippecanoe County, I

## IN THE CIRCUIT COURT FOR TIPPECANOE COUNTY
## STATE OF INDIANA

Yvenson Fontilus
4104 Palmetto Lane
Denver, NC 28037

        Plaintiff,

V.

David S. Osterholm
305 West College St, Apt. 124
Yellow Springs, OH 45387

-And-

JB Hunt Transport Inc.
9200 East 146th Street
Noblesville, IN 46060

   Registered Agent:
   Corporation Service Company
   135 North Pennsylvania Street, Suite 1610
   Bargersville, IN 46204

-And-

Amazon Logistics Inc.
582 Parsons Drive
Medford, OR 97501

   Registered Agent
   Corporation Service Company
   1127 Broadway ST NE, Ste. 310
   Salem, OR 97301

-And-

Stonewood Insurance Company
6131 Falls of Neuse Road, Suite 306
Raleigh, NC 27609

   Registered Agent
   Sarah Josselyn Quinn
   6131 Falls of Neuse Rd, Suite 306
   Raleigh, NC 27609

CAUSE NO: _____
*ELECTRONICALLY FILED*

EXHIBIT B

Defendants

## COMPLAINT AND DEMAND FOR JURY TRIAL

Comes the Plaintiff, Yvenson Fontilus, by and through counsel, and for his Complaint and causes of action against the Defendants, David S. Osterholm, J.B. Hunt Transport Inc., Amazon Logistics Inc., and Stonewall Insurance Company herein, states as follows:

1. Plaintiff Yvenson Fontilus (hereinafter "Plaintiff") is, and was at all times relevant herein, a resident of Denver, North Carolina.

2. Upon information and belief, Defendant David Osterholm (hereinafter "Osterholm") is, and was at all times relevant herein, a resident of Yellow Springs, Ohio, with a mailing address of 305 West College St., Apt 124, Yellow Springs, Ohio 45387.

3. Upon information and belief, J.B. Hunt Transport Inc. (hereinafter "J.B. Hunt") is a for-profit domestic corporation lawfully conducting business in the state of Indiana with a home office address of 9200 East 146th Street, Noblesville, Indiana 46060. Its registered agent for service of process is Corporation Service Company, 135 North Pennsylvania Street, Suite 1610, Bargersville, Indiana 46204.

4. Upon information and belief, Amazon Logistics Inc. (hereinafter "Amazon") is a for-profit domestic corporation lawfully conducting business in the state of Indiana with a home office address of 582 Parsons Drive, Medford, Oregon. Its registered agent for service of process is Corporation Service Company, 1127 Broadway ST NE, Ste. 310, Salem, Oregon 97301.

5. Upon information and belief, Stonewood Insurance Company, is a for-profit domestic corporation lawfully conducting business in the state of Indiana with a home office address of 6131 Falls od Neuse Rd, Suite 306, Raleigh, North Carolina 27609. Its registered

2

agent for service of process is Sarah Josselyn Quinn, 6131 Falls of Neuse Rd. Suite 306, Raleigh, North Carolina, 27609.

6. The incident giving rise to this action occurred in Tippecanoe County, Indiana, and the damages are in excess of the jurisdictional limits of this Court.

7. On or about the November 18, 2018, Plaintiff was operating a vehicle with all due care, and stopped for traffic on the side of the highway, on I65 South, in West Lafayette, Tippecanoe County, Indiana, near mile marker 193.

8. At approximately the same time and place set, Defendant Osterholm was operating a 2019 International tractor trailer, owned by J.B. Hunt Transport, Inc., of Indianapolis, LLC and Amazon Logistics, Inc respectively, on I65 South behind Plaintiff's vehicle.

9. Defendant Osterholm, at the time, was driving a shipment of goods for Amazon and/or JB Hunt, the gross weight of each exceeding 26,001 pounds.

10. As a direct and proximate cause of the negligence and carelessness of each of the Defendants, Defendant Osterholm crashed the Semi-truck into the back of Plaintiff's vehicle and Plaintiff Fontilus sustained severe and permanent bodily injury; has incurred and will continue to incur medical bills and expenses; has suffered and will continue to suffer pain, suffering, mental anguish and inconvenience; has incurred lost wages and will continue to lose wages; has incurred a permanent impairment of her power to labor and earn money; and requires around-the clock care.

11. The Semi-truck has a Gross Vehicle Weight Rating[1] of about 80,000 pounds and is a commercial motor vehicle under 49 C.F.R. 390.5 and Indiana Code § 8-2.1-24-18(a).

---

[1] Gross Vehicle Weight Rating ("GVWR") means the value specified by the manufacturer as the loaded weight of a single motor vehicle.

12. At all times material, the placard on the side of the Semi-truck listed Defendant J.B. Hunt Transport Inc. name and U.S. DOT number: 0080806.

13. Defendant Osterholm was operating the Semi-truck under Defendant J.B. Hunt transport Inc. and/or Defendant Amazon Logistics operating authority.

14. The violations of the Federal Motor Carrier Safety Regulations, 49 C.F.R. §§ 390 et seq. set forth herein—which are made applicable in relevant part by Indiana Code § 9-21-24-18(a)—constitute negligence per se and, in the alternative, evidence of violation of the applicable standard of care.

## CLAIMS AGAINST DEFENDANT DAVID OSTERHOLM
## COUNT I: NEGLIGENCE

15. Plaintiff adopts and reiterates each and every allegation as if set out fully herein and incorporates the same by reference.

16. At all times relevant herein, Defendant Osterholm owed a duty to Plaintiff to maintain a proper lookout, to maintain a safe operating distance and to operate the Semi-truck in a reasonably safe manner.

17. Defendant Osterholm breached these duties by, among other things, failing to maintain a proper lookout and safe operating distance and operate the Semi-truck in a reasonably safe manner, causing the Semi-truck to collide with Plaintiff's vehicle.

## CLAIMS AGAINST DEFENDANT J.B. HUNT TRANSPORT INC.
## COUNT II: VICARIOUS LIABILITY

18. Plaintiff adopts and reiterates each and every allegation as if set out fully herein and incorporates the same by reference.

19. Upon information and belief, on the date of the collision, Defendant Osterholm was employed by Defendant J.B. Hunt Transport In. and was operating the vehicle within the

course and scope of his employment with said Defendant.

20. At the time of the collision, Defendant Osterholm was acting within the course and scope of his employment with Defendant J.B. Hunt Transport Inc.

21. As employer or principal of Defendant Osterholm, Defendant J.B. Hunt Transport Inc. is vicariously liable for the negligent actions and omissions of Defendant Osterholm and the damages proximately caused by such negligence.

22. At the time of the collision, Defendant J.B. Hunt Transport Inc. was a "motor carrier" and an "employer" of its driver, Defendant Osterholm, under 49 C.F.R. § 390.5 and Indiana Code § 9-30-5-4 and, therefore, J.B. Hunt transport Inc. is vicariously liable for the negligent actions and omissions of Defendant Osterholm and the damages proximately caused by such negligence as the motor carrier for the load and statutory employer of Defendant Osterholm.

### CLAIMS AGAINST DEFENDANT J.B. HUNT TRANSPORT INC.
### COUNT III: NEGLIGENT HIRING AND RETENTION

23. Plaintiff adopts and reiterates each and every allegation as if set out fully herein and incorporates the same by reference.

24. Defendant J.B. Hunt Transport Inc. had a non-delegable duty to exercise ordinary care in selecting a driver to transport this load.

25. Driving a commercial motor vehicle with a Gross Vehicle Weight Rating of over 10,000 pounds involves risk of physical harm unless it is skillfully and carefully done.

26. Defendant J.B. Hunt Transport Inc. knew, or should have known, through the use of ordinary care when it hired Defendant Osterholm that Defendant Osterholm was a negligent and/or careless driver, pursuant to Indiana common law and the applicable Federal

Motor Carrier Safety Regulations.

27. Defendant J.B. Hunt Transport Inc. failed to use ordinary care and therefore was negligent in retaining Defendant Osterholm as a driver and allowing him to continue to drive for J.B. Hunt Transport Inc. in such a negligent manner so as to cause this collision.

### CLAIMS AGAINST DEFENDANT J.B. HUNT TRANSPORT INC.
### COUNT IV: NEGLIGENT SUPERVISION AND TRAINING

28. Plaintiff adopts and reiterates each and every allegation as if set out fully herein and incorporates the same by reference.

29. Defendant J.B. Hunt Transport Inc. had a duty to ensure that its drivers were properly trained, licensed, and qualified to operate commercial vehicles pursuant to Indiana common law and the applicable Federal Motor Carrier Safety Regulations.

30. Defendant J.B. Hunt Transport Inc. failed to properly train and/or supervise Defendant Osterholm to safely operate the vehicle that he was driving on the aforementioned date.

### CLAIMS AGAINST DEFENDANT J.B. HUNT TRANSPORT INC.
### COUNT V: GENERAL NEGLIGENCE

31. Plaintiff adopts and reiterates each and every allegation as if set out fully herein and incorporates the same by reference.

32. Defendant J.B. Hunt Transport Inc. had a duty to exercise ordinary care and comply with the Federal Motor Carrier Safety Regulations, pursuant to Indiana Code § 9-30-5-4.

33. Defendant J.B. Hunt Transport Inc. breached these duties by, among other things, failing to ensure that drivers comply with applicable hours-of-service regulations and

properly maintain the Semi-truck.

### CLAIMS AGAINST DEFENDANT AMAZON LOGISTICS INC.
### COUNT VII: VICARIOUS LIABILITY

34. Plaintiff adopts and reiterates each and every allegation as if set out fully herein and incorporates the same by reference.

35. Upon information and belief, on the date of the collision, Defendant Osterholm was employed by Defendant Amazon Logistics Inc. and was operating the vehicle within the course and scope of his employment with said Defendant.

36. At the time of the collision, Defendant Osterholm was acting within the course and scope of his employment with Defendant Amazon Logistics Inc.

37. As employer or principal of Defendant Osterholm, Defendant Amazon Logistics Inc. is vicariously liable for the negligent actions and omissions of Defendant Osterholm and the damages proximately caused by such negligence.

38. At the time of the collision, Defendant Amazon Logistics Inc. was a "motor carrier" and an "employer" of its driver, Defendant Osterholm, under 49 C.F.R. § 390.5 and Indiana Code § 9-30-5-4 and, therefore, Amazon Logistics Inc. is vicariously liable for the negligent actions and omissions of Defendant Osterholm and the damages proximately caused by such negligence as the motor carrier for the load and statutory employer of Defendant Osterholm.

### CLAIMS AGAINST DEFENDANT AMAZON LOGISTICS INC.
### COUNT IV: NEGLIGENT HIRING AND RETENTION

39. Plaintiff adopts and reiterates each and every allegation as if set out fully herein and incorporates the same by reference.

40. Defendant Amazon Logistics Inc. had a non-delegable duty to exercise ordinary care in selecting a driver to transport this load.

41. Driving a commercial motor vehicle with a Gross Vehicle Weight Rating of over 10,000 pounds involves risk of physical harm unless it is skillfully and carefully done.

42. Defendant Amazon Logistics Inc. knew, or should have known, through the use of ordinary care when it hired Defendant Osterholm that Defendant Osterholm was a negligent and/or careless driver, pursuant to Indiana common law and the applicable Federal Motor Carrier Safety Regulations.

43. Defendant Amazon Logistics Inc. failed to use ordinary care and therefore was negligent in retaining Defendant Osterholm as a driver and allowing him to continue to drive for Amazon Logistics Inc. in such a negligent manner so as to cause this collision.

### CLAIMS AGAINST DEFENDANT AMAZON LOGISTICS INC.
### COUNT VIII: NEGLIGENT SUPERVISION AND TRAINING

44. Plaintiff adopts and reiterates each and every allegation as if set out fully herein and incorporates the same by reference.

45. Defendant Amazon Logistics Inc. had a duty to ensure that its drivers were properly trained, licensed, and qualified to operate commercial vehicles pursuant to Indiana common law and the applicable Federal Motor Carrier Safety Regulations.

46. Defendant Amazon Logistics Inc. failed to properly train and/or supervise Defendant Osterholm to safely operate the vehicle that he was driving on the aforementioned date.

### CLAIMS AGAINST DEFENDANT AMAZON LOGISTICS INC.
### COUNT IX: GENERAL NEGLIGENCE

47. Plaintiff adopts and reiterates each and every allegation as if set out fully herein

and incorporates the same by reference.

48. Defendant Amazon Logistics Inc. had a duty to exercise ordinary care and comply with the Federal Motor Carrier Safety Regulations, pursuant to Indiana Code § 9-30-5-4.

49. Defendant Amazon Logistics Inc. breached these duties by, among other things, failing to ensure that drivers comply with applicable hours-of-service regulations and properly maintain the Semi-truck.

### CLAIMS AGAINST DEFENDANT STONEWOOD INSURANCE COMPANY
### COUNT X: UNDERINSURED MOTORIST COVERAGE

50. Plaintiff adopts and reiterates each and every allegation as if set forth fully herein and incorporates the same by reference.

51. The Plaintiff's Semi-truck owner, was at the time of the accident referred to above, was insures under a policy or policies of insurance with Defendant Stonewood Insurance Company, which among other coverages provided the Plaintiff with underinsured motorist coverage and benefits, upon which policy premiums were paid and which policy was in full force and effect on the date of the collision referred to above.

52. At all times mentioned herein, Defendant Stonewall Insurance Company was an underinsured motorist as defined by the policy or policies of insurance with Defendant Stonewall Insurance Company and by Indiana Code 27-7-5 *et seq*.

53. At all times of underinsured motorist benefits with Defendant Stonewood Insurance Company provided at all times relevant hereto coverage and benefits for injuries and damages sustained by Plaintiff as a result of this accident.

54. The Plaintiff has fully complied, and is in full compliance, with all of the terms,

conditions, and requirements of the policies of insurance with Defendant Stonewood Insurance Company.

55. Plaintiff states that the damages sustained by him were caused by the negligence of Defendant Osterholm are in excess of the liability insurance limits available to and covering Defendant.

56. Plaintiff is entitles to recover from Defendant Stonewall Insurance Company any damages sustained by her as a result of the negligence of Defendant Stonewall Insurance Company.

**WHEREFORE**, Plaintiff, Yvenson Fontilus, demands judgment against Defendants David Osterholm, J.B. Hunt Transport Inc. and Amazon Logistics Inc., as follows:

1. Judgment against each Defendant for compensatory damages in an amount in excess of the amount necessary to invoke the jurisdiction of this Court and reasonably calculated to compensate Plaintiff Yvenson Fontilus for his damages, to include:

    a. Past and future medical expenses;

    b. Past and future physical and mental pain, suffering, anguish and inconvenience;

    c. Lost wages;

    d. Diminished capacity to labor and earn income; and

2. Prejudgment interest;

3. Interest on any amount to which Plaintiff may be adjudicated to be entitled to accrue from the date of the filing of this action until paid;

4. Costs herein expended;

5. Punitive damages;

6. Trial by jury; and

7. Any and all other appropriate relief to which Plaintiff may appear to be justly entitled.

Respectfully submitted,

/s/Kaitlin Coons Astorino
Kaitlin Coons Astorino, #32552-49
ISAACS & ISAACS, P.S.C.
1601 Business Center Court
Louisville KY, 40299
T: (502) 458-1000
F: (502) 454-5512
Email: kaitlin@isaacsandisaacs.com
*Counsel for Plaintiff, Yvenson Fontilus*

## DEMAND FOR JURY TRIAL

Comes now the Plaintiff, Yvenson Fontilus, and demands a trial by jury on all issues so triable.

/s/Kaitlin Coons Astorino
Kaitlin Coons Astorino, #32552-49
**Isaacs & Isaacs, P.S.C.**
1601 Business Center Court
Louisville, Kentucky 40299-2370
Telephone: (502) 458-1000
Facsimile: (502) 454-5512
Email: kaitlin@isaacsandisaacs.com
*Counsel for Plaintiff Yvenson Fontilus*

11